IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

KENNEDY M. RUSSELL, SR.,

Defendant.                                              No. 12-1016-DRH

ORDER

**HERNDON, Chief Judge:**

Pending before the Court is defendant's petition under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Doc. 1). On April 27, 2011, a jury found defendant guilty of willful failure to file income tax returns in violation of 26 U.S.C. § 7203. On September 16, 2011, the Court sentenced him to 27 months imprisonment (Doc. 58) and judgment reflecting the same was entered on September 19, 2011 (Doc. 61). On March 15, 2012, the Seventh Circuit affirmed defendant's sentence and conviction (Doc. 76).

In his § 2255 petition, defendant raises a slew of arguments for relief, all which center around claims of ineffective assistance of counsel. Although defendant did not raise these grounds during his appeal, defendant may proceed on his § 2255 petition if he can show either "cause for the default **and** actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750

(1991)(emphasis added); *see also Edwards v. Carpenter*, 529 U.S. 446, 455 (2000).

In *Murray v. Carrier*, the Supreme Court held that ineffective assistance of counsel may constitute cause. However, "[s]o long as a defendant is represented by counsel whose performance is not **constitutionally** ineffective under the standard established in *Strickland v. Washington*, [466 U.S. 668 (1984),] [there is] no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray*, 477 U.S. at 488 (emphasis added).

In order to show ineffective assistance of counsel under *Strickland*, a petitioner must satisfy yet another two pronged test by showing: (1) "counsel's representations fell below an objective standard of reasonableness" (the performance prong); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the prejudice prong). *Strickland*, 466 U.S. at 688, 694. In *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994), the Seventh Circuit held that a § 2255 movant need not demonstrate prejudice when raising an allegation of ineffective assistance of counsel where petitioner's lawyer failed to file a requested direct appeal. *Id.* at 719.

In his motion, defendant seems to contend that his counsel's performance was below a reasonable standard, and that this caused him to found guilty. In essence, defendant is arguing that but for the grounds raised in his motion, he would have had sufficient counsel, and would likely have been found not guilty.

The Court **ORDERS** the Government to file a response to petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part

of its response, attach all relevant portions of the record

**IT IS SO ORDERED.**

Signed this 28th day of September, 2012.

Digitally signed by David R. Herndon
Date: 2012.09.28 11:23:42 -05'00'

**Chief Judge**
**United States District Court**