IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

KENNEDY M. RUSSELL, SR.,

Defendant.                                                      No. 12-1016-DRH

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

Pending before the Court is Rusell's motion for expedited ruling of § 2255 motion for bond pending resolution (Doc. 7). Russell moves for bond arguing that he is not going to flee, that he does not pose a danger to society, that his 2255 is not for delay and that he raises a substantial question of law. Further, he argues that he was denied a valid and truthful affirmative defense, which if shown, removes the factual underpinnings of the element of liability and intent upon which his conviction stands.

"[F]ederal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). The Seventh Circuit explained:

> The reasons for this parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal (or who waived his right to appeal, as by pleading guilty, or by foregoing

appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Cherek*, 767 F.2d at 337. Bail pending post-conviction habeas corpus review is therefore available "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Landano v. Rafferty,* 970 F.2d 1230, 1239 (3d Cir.1992).

The Court finds that petitioner has not met his burden to establish that he is entitled to the extraordinary relief sought. Russell has not alleged anything in his motion for bond that, even if true, would convince the Court that bail would be appropriate in this case. Thus, the relief is not warranted.

Accordingly, the Court **DENIES** Russell's motion for expedited ruling of § 2255 motion for bond pending resolution (Doc. 7).

**IT IS SO ORDERED.**

Signed this 30th day of October, 2012.

Digitally signed by David R. Herndon
Date: 2012.10.30 10:36:57 -05'00'

**Chief Judge**
**United States District Court**