IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KENNEDY R. RUSSELL**,

Petitioner,

v.

**UNITED STATES OF AMERICA**,

Respondent.                                                No. 12-1016-DRH

**ORDER**

**HERNDON, Chief Judge:**

On February 25, 2013, Russell filed an amended complaint adding Todd M. Schultz, Thomas Gabel and Phillip Kavanaugh as defendants (Doc. 35). Russell seeks to add claims of ineffective assistance against these defendants in this 28 U.S.C. § 2255 matter. Russell filed the amended complaint without leave of the Court as he was required to do so. The original 28 U.S.C. § 2255 petition is ripe as the petition is fully briefed. *See* Docs. 1, 8, and 25.[1]  The Court will issue an Order on the merits of the

---

[1] The petition became ripe on December 11, 2012 with the filing of Russell's reply brief.

petition as expeditiously as possible. Further, these additional defendants and claims Russell seeks asserts against them are not proper in a 28 U.S.C. § 2255 proceeding. Thus, the Court **STRIKES** the amended complaint.

Lastly, the Court notes the following. To the extent Russell is attempting to bring a legal malpractice claim against those defendants, those claims fail. In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a court-appointed attorney, even if employed by the state, may not be sued under 42 U.S.C. § 1983 for legal malpractice, because such an attorney does not act "under color of state law." *Id.* at 324-25. *See also Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir.1995). A *Bivens*-type action is the analogue to a § 1983 action for claims against persons acting under color of federal law. It is now well-settled that an indigent may not sue his attorney for legal malpractice in a *Bivens*-type civil rights suit, even if that attorney was appointed by a federal court or even paid for his services by the federal government. *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir.1984) ("By analogy [to *Polk County v. Dodson]*, an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir.1982) (district court has no jurisdiction over malpractice claim against federal public defender in *Bivens*-type suit). Russell's malpractice claims against Shultz, Gabel and Kavanaugh are therefore frivolous as civil rights

claims. Legal malpractice claims belong in state court; this Court expresses no opinion on the merits of such a claim.

**IT IS SO ORDERED.**

Signed this 28th day of February, 2013.

Digitally signed by David R. Herndon
Date: 2013.02.28 12:42:14 -06'00'

**Chief Judge**
**United States District Court**