IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KENNEDY M. RUSSELL, SR.**,

Petitioner,

v.

**UNITED STATES OF AMERICA,**

Respondent.                                                  No. 12-1016-DRH

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

Pending before the Court is Russell's September 24, 2013 notice of appeal (Doc. 48) which contains a request for certificate of appealability (Doc. 49) and a request to proceed informa pauperis on appeal (Doc. 50).  In this Notice of Appeal, Russell states that he is appealing "the Trial Court's, Final Judgment, in error, in imposition of 'restitution' in the above described matter."[1]  Based on the following, the Court declines to issue a certificate of appealability and denies the request to proceed in forma pauperis on appeal.

Before addressing the merits, the Court provides the following as a way of brief background.  This is a 28 U.S.C. § 2255 proceeding in which a final order and judgment have not been entered.  The Court notes that this is Russell's *third* notice of appeal in this proceeding.  The Seventh Circuit has issued Mandates as to the first two appeals (Docs. 32 & 46).  In addition to these appeals, Russell

---

[1] The caption of the notice of appeal contains this civil cause number and Russell's criminal cause number, 10-30196-DRH.  Thus, the notice of appeal had to be filed in both cases.

1

filed a petition for writ of Mandamus with the Seventh Circuit on September 13, 2013 (Doc. 47). He has also filed a motion for declaratory judgment and a motion challenging the jurisdiction of this Court in this proceeding (Docs. 42 & 45). In addition to this case, Russell continually files motions in his closed criminal case. *See United States v. Russell*, 10-30196-DRH.

As to the certificate of appealability, the Court declines to issue one as Russell is not entitled to one. Rule 11(a) of the Rules Governing habeas corpus proceedings requires that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court will issue such a certificate, however, "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Barefoot v. Estelle,* 463 U.S. 880, 893 & n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

Here, the Court has neither issued a final order nor has entered an order regarding restitution. Therefore, the Court declines to certify this issue for appeal pursuant to 28 U.S.C. § 2253(c)(2).

Next, the Court denies the motion to proceed in forma pauperis on appeal based on the same reasoning. An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.

§1915(a)(3). A plaintiff is "acting in bad faith in the more common legal meaning of the term . . . [when he sues] . . . on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Further, "an appeal in a frivolous suit cannot be 'in good faith' under §1915(a)(3), because "good faith" must be viewed objectively." *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000). *See also Lee*, 209 F.3d at 1026; *Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995) ("[T]he granting of leave to appeal in forma pauperis from the dismissal of a *frivolous* suit is presumptively erroneous and indeed self-contradictory.")

Here, there is nothing to appeal from regarding restitution or anything other issue at this point. Therefore, the Court **CERTIFIES** that this appeal is not taken in good faith. Accordingly, the Court **DENIES** the motion for certificate of appealability (Doc. 49) and the motion for leave to proceed *in forma pauperis* (Doc. 50). Russell shall tender the appellate filing and docketing fee of $455 to the Clerk of Court in this District, or he may reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

Signed this 25th day of September, 2013.

Digitally signed by David R. Herndon
Date: 2013.09.25 12:45:38 -05'00'

**Chief Judge
United States District Court**

3