IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KENNEDY M. RUSSELL, SR.**,

Petitioner,

v.

**UNITED STATES OF AMERICA,**

Respondent.

No. 12-1016-DRH

MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

I. Introduction and Background

Now before the Court is Russell's 28 U.S.C. § 2255 petition to vacate, set aside or correct sentence (Doc. 1). The government opposes the petition (Doc. 8). Russell filed a reply (Doc. 25). Based on the record and the applicable law, the Court **DENIES** the petition.

On October 20, 2010, the grand jury returned a five count indictment against Russell for willful failure to file income tax returns in violation of 26 U.S.C. § 7203. *United States v. Russell*, 10-30196-DRH; Doc. 1. On November 15, 2010, assistant Federal Public Defender Todd Schultz entered his appearance on behalf of Russell. *Id*. at Doc. 12. On April 19, 2011, assistant Federal Public Defender Thomas Gabel entered his appearance on behalf of Russell.

Prior to the commencement of trial, Russell filed a motion in limine asking

the Court to prohibit his prior misdemeanor conviction for violating 18 U.S.C. § 873. *Id.* at Doc. 16.[1] On April 25, 2011, day one of the trial, the Court denied the motion in limine. *Id.* at Doc. 18. During opening arguments, Russell's counsel set forth the defense that Russell had not willfully failed to file income tax returns as alleged in the indictment because of Russell's honest beliefs about the federal tax code. At the close of the close of the government's case, Russell orally moved for judgment for acquittal which the Court denied. On April 27, 2011, the jury returned guilty verdicts on Counts 1 through 5 of the indictment. *Id*. at Docs. 20, 21, 23, 25, 27 and 29. *Id*. at Doc. 34.

On July 11, 2011, Russell, pro se, filed a motion to terminate the services of the Federal Public Defender. *Id.* at Doc. 35.[2] On July 21, 2011, the Court held a hearing on the motion to terminate and after discussing the issue at length with Russell, he withdrew the motion to terminate services. *Id*. at Doc. 40. On July 26, 2011, Russell, by and through his attorney, filed objections to the Presentence Investigation Report. *Id*. at Doc. 41. Russell, by and through his attorney, also filed a sentencing memorandum. *Id*. at Doc. 49.

On September 16, 2011, the Court sentenced Russell to a total term of 27

---

1 Russell was convicted in the United States District Court for the Eastern District of Missouri of illegal production and distribution of bogus "Bonded Promissory Notes," in violation of 18 U.S.C. § 873.
2 In this motion, Russell states in part: "From my experience, apparently, the Public Defenders Office will not put forward two positions to a Trial Court. Mr. Todd Schultz, of the Public Defenders' Office, did an admirable job in representing Russell, and avoiding these two positions. Russell, at this time, wishes to thank Mr. Schultz for the outstanding job he did in defending and representing Russell, while at the same time avoiding those two (2) positions previously mentioned." *Id*. at Doc. 35.

months imprisonment consisting of 12 months on Counts 1 and 2 to run consecutively and a term of 3 months on Counts 3, 4 and 5, to run concurrently with each other. *Id.* at Docs. 58 & 61. The Court also ordered restitution in the amount of $109,105.00. *Id*. Thereafter, Russell appealed his judgment and sentence to the Seventh Circuit Court. *Id*. at Doc 64. On March 15, 2012, the Seventh Circuit issued its Mandate affirming the judgment.[3] *Id*. at Doc. 76.

The Court notes that in his criminal case from March 30, 2012 to September 13, 2013, Russell has filed nine separate motions and two appeals pertaining to his criminal conviction. *Id.* at Docs. 77, 78, 85, 87, 89, 92, 94, 96, 98, 104 and 108. These motions contain arguments, *inter alia*, that contest his criminal conviction, challenge the Court's jurisdiction and asks the Court to reevaluate the restitution in the criminal case. All of the motions have either been dismissed for lack of jurisdiction or denied with the exception of the motion to reevaluate the restitution which the Court has not issued a ruling as the motion becomes ripe on October 2, 2013.

In the meantime, on September 14, 2012, Russell filed this petition (Doc. 1). In his petition, Russell claims that he received ineffective assistance of counsel in violation of the Sixth Amendment. His gripes range from the pretrial process (counsel failing to advise him of the facts and law), trial process (counsel failed in the jury selection process, counsel failed to investigate or present witnesses at trial,

---

[3] On appeal, Russell argued that he is entitled to a new trial because the Court abused its discretion in granting the government's motion to dismiss a potential juror for cause.

counsel failed in the submission of jury instructions, counsel failed to set forth a defense) and sentencing process (counsel failed to object to restitution). These nonsensical arguments regarding his conviction that can be boiled down to two categories: (1) trial counsel's performance was constitutionally defective and (2) trial counsel failed at sentencing to oppose imposition of "restitution."

The Court also notes that in this § 2255 proceeding, Russell has filed *three* interlocutory appeals, the last filed on September 24, 2013 (Docs. 32, 38 & 48). The Seventh Circuit has issued Mandates as to the first two (Docs. 32 & 46). In addition to these appeals, Russell filed a petition for writ of Mandamus with the Seventh Circuit on September 13, 2013 (Doc. 47). He has also filed a motion for declaratory judgment and a motion challenging the jurisdiction of this Court in this proceeding (Docs. 42 & 45).

As the § 2255 petition is ripe, the Court turns to address the merits.

## II. Legal Standard

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir.

1996); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Of course, a § 2255 motion does not substitute for a direct appeal. A defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt,* 83 F.3d at 816. Meanwhile, a § 2255 motion cannot pursue non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice. *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the § 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro v. United States,* 538 U.S. 500, 504-05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *Fountain,* 211 F.3d at 433-34. Further, the district court before which the original criminal trial occurred, not an

appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from that performance. *Massaro,* 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

An evidentiary hearing on a § 2255 habeas petition is required when the motion is accompanied by "a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir. 1976) (footnote omitted); *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002). "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." *Aleman v. United States,* 878 F.2d 1009, 1012 (7th Cir. 1989). As will be seen, Russell's allegations are unsupported by the record; subsequently, the Court sees no reason to hold an evidentiary hearing on the issues he raises.

### III. <u>Analysis</u>

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective

representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 688-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Fountain v. United States,* 211 F.3d 429, 434 (7th Cir. 2000). Either *Strickland* prong may be analyzed first; if that prong is not met, it will prove fatal to plaintiff's claim. *Strickland,* 466 U.S. at 697; *Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993).

Regarding the first prong of the *Strickland* test, counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland,* 466 U.S. at 689. The petitioner's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted). In other words, the Court must not become a "Monday morning quarterback." *Harris v. Reed,* 894 F.2d 871, 877 (7th Cir. 1990). With regards to the second prong of *Strickland,* the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams,* 453 F.3d at 435 (citing *Strickland,* 466 U.S. at 694).

In the instant case, the Court cannot say that Mr. Schultz's performance

significantly prejudiced Russell or that Mr. Schultz's representation fell below an objective standard of reasonableness. Further, the Court cannot say that despite these alleged errors the results of the proceedings would have been different. Contrary to Russell's assertions, Mr. Schultz did file a motion in limine, orally moved for judgment of acquittal at the close of the case, did submit jury instructions, filed objections to the Presentence Investigative Report and filed a sentencing memorandum.

Russell testified at trial to his beliefs about the tax code and presented his materials in support of his beliefs. Counsel also submitted a defense regarding the willfulness element of the offenses charged. Based on the facts and circumstances of this case, counsel presented and argued the case competently. Clearly, there is no evidence in the record to suggest that Mr. Schultz failed to investigate and familiarize himself with the law. Thus, his counsel cannot be faulted for failing to raise issues which he did, in fact, raise.

Furthermore, advancing Russell's arguments would have been frivolous. Counsel has no duty to make a frivolous argument. "Effective advocacy does not require the appellant attorney to raise every non-frivolous issue under the sun..." *Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir. 1996). "When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons, rather than sheer neglect." *Yarborough v. Gentry*, 540 U.S. 1, 8, (2003). Russell cannot show prejudice because his claims lack merit. Furthermore, it is not professionally unreasonable for an attorney

vested with the discretion to decide whether or not to decline to prosecute a meritless claim. Thus, an attorney's decision not to pursue a frivolous claim does not amount to ineffective assistance *per se.*

As to Russell's suggestion that Mr. Schultz did not consult with him about the law. The Court rejects this argument as baseless and finds that it is not supported by the record. It is clear from the record that Mr. Schultz was informed as to the law and that he tried to help Russell as best as he could. As to his beliefs, Russell submitted a letter from attorney Guy F. Curtis stating in part: "the IRS and the courts do not agree with this position. …. As you know most juries in this country are conditioned to be subservient to authority. … I cannot, of course, advise you whether or not to file a 1040 return with the IRS. That is a personal decision that must be made by yourself after careful consideration. You may also wish and prudently so, to consult with other tax professionals for their analyses and conclusions to the law." (Doc. 1-1). Clearly, as early as 1997, Russell was aware that his beliefs were contrary to the law and he voluntarily chose to ignore the law as to filing of taxes.

Russell also argues that Schultz never attempted to call as witnesses his attorney and CPA, both of whom had provided Russell expert professional opinions stating that he was not required to pay taxes. The Sixth Amendment guarantees a defendant the right to call witnesses in his favor. *Indiana v. Edwards,* 554 U.S. 164, 188, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008). This right belongs to the defendant, individually, and not his trial counsel. *Id.* Yet, a defendant's counsel is

allowed "full authority to manage the conduct of the trial," an authority without which "[t]he adversary process could not function effectively if every tactical decision required client approval." *Taylor v. Illinois,* 484 U.S. 400, 418, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). In short, if a defendant has "consented to the representation of counsel," then, with the exception of cases where counsel is rendered ineffective, a defendant "must accept the consequences of the lawyer's decision to forgo cross-examination, to decide not to put certain witnesses on the stand, or to decide not to disclose the identity of certain witnesses in advance of trial." *Id.* Trial counsel's decision not to call a witness can be part of an effective trial strategy, especially "if it is based on the attorney's determination that the testimony the witnesses would give might on balance harm rather than help the defendant." *Foster v. Schomig,* 223 F.3d 626, 631 (7th Cir.2000) (internal quotations omitted). As for pretrial investigation, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691. In any ineffectiveness case, "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.*

As noted by the Seventh Circuit, "when a petitioner alleges counsel's failure to investigate resulted in ineffective assistance, that petitioner has the burden of providing the Court with specific information as to what the investigation would have produced." *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir.

2003). Indeed, a petitioner must present "a comprehensive showing as to what the investigation would have produced." *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1133 (7th Cir. 1990). Defense counsel need not "track down every lead or must personally investigate every evidentiary possibility before choosing a defense and developing it." *Sullivan v. Fairman,* 819 F.2d 1382, 1392 (7th Cir. 1987). Furthermore, acts or omissions of an attorney that may be classified as trial tactics cannot be considered by a court in evaluating an ineffective assistance of counsel claim. *See United States v. Williams,* 106 F.3d 1362, 1367 (7th Cir. 1997).

Here, Russell fails to identify any *exonerating* facts or witnesses, let alone make a "comprehensive showing." Additionally, even if counsel had included these additional facts and witness testimony, as suggested by Russell, the case against Russell was so strong that the Court is hard-pressed to imagine how any alleged deficiency in counsel's performance could have prejudiced the case against Russell. As noted by the Seventh Circuit in an ancillary matter pertaining to Russell on the issue of paying taxes:

> Russell devotes his brief to rehashing the same tired arguments permeating his complaint: that he is not a taxpayer and that the IRS is an extra-legal entity that violated his "original organic constitutional rights" by contacting him about his 2004 tax return. Variants of these arguments have been roundly rejected by the Supreme Court, this court, and every other court of appeals. *See, e.g., Cheek v. United States,* 498 U.S. 192, 195, 204, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991) (characterizing as frivolous tax protestor's arguments that he is not a taxpayer and that the tax code is unconstitutional); *Marino v. Brown,* 357 F.3d 143, 147 (1st Cir.2004) (sanctioning appellant for pursuing tax protestor arguments on appeal); *United States v. Cooper,* 170 F.3d 691, 691 (7th Cir.1999) (noting that

Page **11** of **16**

> typical tax protestor arguments are "frivolous squared"); *Lonsdale v. United States,* 919 F.2d 1440, 1448 (10th Cir.1990) (characterizing as meritless the argument that the IRS and its employees "have no power or authority to administer the Internal Revenue laws"); *Stoecklin v. Comm'r,* 865 F.2d 1221, 1224 (11th Cir.1989) (characterizing as frivolous appellant's argument that he was not subject to tax laws); *United States v. Studley,* 783 F.2d 934, 937 n. 3 (9th Cir.1986) (noting that the argument that a person is not a taxpayer "has been consistently and thoroughly rejected by every branch of the government for decades"); *McKee v. United States,* 781 F.2d 1043, 1047 (4th Cir.1986) (stating that it is frivolous "to take a position which indicates a desire to impede the administration of tax laws"); *Sauers v. Comm'r,* 771 F.2d 64, 66 n. 2 (3d Cir.1985) (listing frivolous tax protestor theories); *Martin v. Comm'r,* 756 F.2d 38, 40 (6th Cir.1985) (rejecting as baseless appellant's argument that he is "not a taxpayer"); *May v. Comm'r,* 752 F.2d 1301, 1306 n. 5 (8th Cir.1985) (noting frustration at having to address "well-worn general challenges to the Internal Revenue Code"); *Schiff v. Comm'r,* 751 F.2d 116, 117 (2d Cir.1984) (noting that federal courts have rejected the argument that tax laws are unconstitutional "countless times"); *Crain v. Comm'r,* 737 F.2d 1417, 1417-18 (5th Cir.1984) (stating that arguments challenging the legality of the tax system have no "colorable merit").

*Russell v. United States*, 339 Fed.Appx. 637, 638-39 (7th Cir. 2009).

The evidence at trial established that Russell is a citizen, that he earned the income during the years for which he was indicted, and that income was both reportable and taxable. He neither reported the income nor paid taxes on the income. The government also submitted evidence regarding prior IRS contacts with Russell to show that he knew of his legal obligation to file. As such, the jury found him guilty.

Next, Russell claims that Schultz failed at sentencing to oppose the imposition of restitution as the Court exceeded its statutory limitations by imposing restitution in this type of a case. The Court rejects this argument. Clearly, it was within the Court's discretion to order restitution in this case.

Pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, the Court had the authority to order restitution to the Internal Revenue Service in the amount of $109,105.00 as a condition of probation or supervised release.

In any event, a petitioner filing a petition pursuant to 28 U.S.C. § 2255 must state specific facts which describe each ground of relief so that the district court may tell from the face of the petition whether further habeas review is warranted. *See* Rule 2(b) of the Rules Governing § 2255 Cases. "An ineffective assistance of counsel claim cannot stand on a blank record, peppered with the defendant's own unsupported allegations of misconduct." *United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001); *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005)(finding that a claim of ineffective assistance unsupported by "actual proof of [his] allegations" cannot meet the threshold requirement for purposes of § 2255).

Considering the record and all of Russell's arguments, the Court finds that Russell's claims that his counsel was ineffective are without merit. His bald assertions (most of which are neither true nor supported by the record) that his counsel was ineffective are insufficient basis to grant him the relief which he seeks. Russell has not shown that but for counsel's alleged errors the results of the proceedings would have been different. The Court concludes that Mr. Schultz was not ineffective in representing Russell in this criminal matter. In fact, the Court finds Mr. Schultz's actions were reasonable and sound in light of the facts and circumstances of this case.

Russell's sentence and conviction are legal. He has not shown that his

sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," 28 U.S.C. § 2255. Thus, the Court rejects Russell's 28 U.S.C. § 2255 petition/motion. Finally, the Court notes that letting Russell's conviction and sentence stand would not result in a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability have been granted. See *Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009). A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v.*

*McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

As to petitioner's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of petitioner's claim. Reasonable jurists could not debate that the petition should have been resolved in a different manner, as petitioner's claims of ineffective assistance of counsel do not present evidence of constitutionally deficient attorney performance; nor do they demonstrate resulting prejudice. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

### IV. Conclusion

Accordingly, the Court **DENIES** Russell's motion under 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by person in federal custody and the supplements to the petition. The Court **DISMISSES with prejudice** this cause of action. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Further, the Court **DECLINES** to issue a certificate of appealability. Lastly, the Court **DENIES as moot** Russell's motion for declaratory judgment (Doc.

42) and Russell's motion challenging the jurisdiction of this Court (Doc. 45).

**IT IS SO ORDERED.**

Signed this 26th day of September, 2013.

Digitally signed by David R. Herndon
Date: 2013.09.26 15:35:32 -05'00'

**Chief Judge
United States District Court**